IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICKY DARDEN, individually and on
behalf of all others similarly situated                                                                  PLAINTIFF

v.                                         Case No. 4:16-cv-4023

SOUTHWEST ARKANSAS
DEVELOPMENT, INC., d/b/a
Southwest Arkansas Development Council                                                          DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Dismiss or in the Alternative Transfer.[1]  ECF No. 21.  Plaintiff has filed a response.  ECF No. 23.  The Court finds that the motion is ripe for consideration.

### BACKGROUND

Plaintiff Ricky Darden alleges in his amended complaint that Defendant Southwest Arkansas Development, Inc. violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-211, by failing to pay Medicaid/senior transportation drivers at a rate of one and one-half times their regular rate for all hours worked over forty hours per week.[2]  For the AMWA claim, Plaintiff seeks class certification pursuant to Fed. R. Civ. P. 23.  Plaintiff, however, does not seek to pursue his FLSA claim as a collective action under 29 U.S.C. § 216(b).

---

[1] On February 16, 2016, an order was entered transferring this case from the Eastern District of Arkansas to the Western District of Arkansas.  ECF No. 24.  The motion at issue was pending at the time the case was transferred into this district, and the transfer renders moot Defendant's alternative argument.

[2] Plaintiff further states that he is entitled to punitive damages pursuant to the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55-206.

**DISCUSSION**

Defendant moves the Court to decline to exercise supplemental jurisdiction over Plaintiff's AMWA class claims. The Court has original federal question jurisdiction over Plaintiff's individual FLSA claim under 28 U.S.C. § 1331. ECF No. 5, ¶7. The Court has supplemental jurisdiction over Plaintiff's individual AMWA claim pursuant to 28 U.S.C. § 1367(a). Section 1367(a) states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form the same case or controversy." *Id*. For purposes of this analysis, the Court assumes that it also has supplemental jurisdiction over Plaintiff's AMWA class claims because they arise from the same case or controversy as the individual FLSA claim regarding the payment of overtime hours. The question here is whether the Court should decline to exercise supplemental jurisdiction over the AMWA class claims for one of the reasons set forth in 28 U.S.C. § 1367(c).

According to 28 U.S.C. § 1367(c)(2), a district court may decline to exercise supplemental jurisdiction when a lawsuit's state law claim "substantially predominates" over its federal claim—the claim over which the district court has original jurisdiction." In this case, Defendant urges the Court to decline to exercise supplemental jurisdiction over the AMWA class claims because they substantially predominate over the individual FLSA claim.

Plaintiff, without citing any law to support his position, argues that the AMWA class claims do not substantially predominate over the FLSA individual claim because "proof and evidence necessary to prosecute the AMWA claims will be very little different than the proof and evidence necessary to prosecute the FLSA [individual] claim." ECF No. 23, p. 4. The Court agrees that the substance of the AMWA class claims and Plaintiff's individual FLSA claim is almost identical. Plaintiff, however, has chosen to pursue the AMWA claims as a class action

and has chosen not to pursue the FLSA claim as a collective action. Therefore, the state law class claims solely interject into this case the need to consider liability and determine damages on a class-wide basis. Stated another way, the individual FLSA claim would simply be an appendage to the more comprehensive state law class claims. As such, the state law class claims "substantially predominate" over Plaintiff's individual FLSA claim. *See Wicke v. L & C Insulation, Inc.*, 2013 WL 5276112 (W.D. Wis. Sept. 18, 2013) (finding that state law class claims substantially predominate over plaintiffs' individual FLSA claims); *De La Riva v. Houlihan Smith & Co.*, 848 F.Supp.2d 887, 890 (N.D. Ill. 2012) (declining to exercise supplemental jurisdiction over state law class claims where there was no FLSA collective action); *Roe-Midgett v. CC Services, Inc.*, 2006 WL 726252 (S.D. Ill. March 16, 2006) (finding that the state law class claims substantially predominate over the FLSA claims because there is disparity of number of similarly situated plaintiffs between the FLSA claims and the state law class claims); *but cf. Bartelson v. Winnebago Indus., Inc.*, 219 F.R.D. 629, 634-38 (N.D. Iowa Dec. 24, 2003) (declining to exercise supplemental jurisdiction over any member of the state law class who was not already asserting an FLSA claim in the action).

## CONCLUSION

Because the AMWA class claims substantially predominate over Plaintiff's individual FLSA clam, the Court declines to exercise supplemental jurisdiction over Plaintiff's AMWA class claims. Accordingly, Defendant's Motion to Dismiss (ECF No. 21) is **GRANTED**, and the AMWA class claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's individual FLSA claim and individual AMWA claim remain.

IT IS SO ORDERED, this 3rd day of August, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge